986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael MURPHY, By and Through Next of Friends, Sandra
MURPHY, James Murphy, Plaintiff-Appellant,
v.
MIDWEST CITY-DEL CITY SCHOOL DISTRICT, John Folks,
Superintendent, Richard N. Corwin, School Board
President, Anthony Thomas, Defendants-Appellees.
 No. 91-6365.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before PAUL KELLY, Jr. and BARRETT, Circuit Judges, and OWEN, District Judge.*
 ORDER AND JUDGEMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiff-Appellant Michael Murphy appeals the district court's denial of relief on his Rehabilitation Act claims. Michael is a thirteen year old special education child diagnosed with muscular distrophy. After attending elementary school, Michael was assigned to Jarman Junior High. Jarman is handicapped-accessible, and is approximately 1.5 miles from Michael's house. Michael and his family believe Michael's educational needs would be better fulfilled by attendance at Monroney Junior High. Monroney is only a few hundred yards from Michael's house, and most of his friends from elementary school now attend Monroney. Michael believes that he needs to be in the same school as his childhood friends, who have learned how to accommodate his special needs, in order to ease the transition to junior high.
 
 
 2
 The Oklahoma State Department of Education denied Michael's petition to attend Monroney. A complaint under the Rehabilitation Act and an application for a temporary injunction followed. The district court consolidated the hearing on injunctive relief with a trial on the merits, and found for the defendant school officials. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 Discussion
 The Rehabilitation Act provides that:
 
 3
 No otherwise qualified individual with handicaps in the United States, ... shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal Financial assistance....
 
 
 4
 29 U.S.C. § 794(a). The district court applied the appropriate multi-step legal standard in addressing Michael's complaint. Once plaintiff sets forth a prima facie case of handicap discrimination, defendant then has the burden of proving either that plaintiff was not an otherwise qualified handicapped person or that his rejection was for reasons other than his handicap. Pushkin v. Regents of Univ. of Colo., 658 F.2d 1372, 1385-87 (10th Cir.1981); Accord Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Schuldt v. Mankato School Dist. No. 77, 937 F.2d 1357 (8th Cir.1991), cert. denied, 112 S.Ct. 937 (1992). Plaintiff then has the burden of demonstrating that defendant's reasons for rejecting plaintiff are based on misconceptions or unfounded factual conclusions. Pushkin, 658 F.2d at 1387. We review the district court's factual findings under the clearly erroneous standard. Id. at 1386.
 
 
 5
 The record fully supports the district court's findings that the decision of the School Board was based on reasons other than Michael's handicap, and that Jarman would provide Michael with the full benefits of an education in the least restrictive environment possible. Aplt.App. ex. 10 at 15-29, 49-54, 60-64, 69-71. Modification of Monroney either by addition of ramps or addition of an elevator would take Monroney out of compliance with local Life Safety Codes. Aplt.App. ex. 3 at 6; id. ex. 5 at 5-6; id. ex. 10 at 71-72, 76-77. Without these modifications, the academic opportunities available to Michael at Monroney would be limited. Jarman, however, is fully accessible to students in wheelchairs.
 
 
 6
 The school district's open transfer policy does not create an enforceable federal right to attend the school of one's choice. Section 794(b)(2)(B) defines "program or activity" as a "local educational agency ..., system of vocational education, or other school system." 29 U.S.C. § 794. Michael is receiving the benefits of the school system, albeit not in the school that most of his friends attend. See Schuldt, 937 F.2d at 1361. Regulations promulgated by the Office of Civil Rights of the Department of Education provide explicitly that "the program or activity, when viewed in its entirety, [must be] readily accessible to handicapped persons. This paragraph does not require a recipient to make each of its existing facilities or every part of a facility accessible to and usable by handicapped persons." 34 C.F.R. § 104.22(a).
 
 
 7
 Although we are sympathetic to Michael's desire to attend Monroney, the Rehabilitation Act does not create such a right. Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Richard Owen, Senior United States District Judge for the Southern District of New York, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3